

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Hall H. Logan, Member
State Board of Control
Austin, Texas

Opinion No. 0-7446

Re: The employment of an ap-
plicant by the State Board
of Control as the bus
driver of a school bus
transferring children from
the Alabama-Coushatti
Indian Reservation to and
from the Big Sandy School
at Livingston, Texas,
under the provisions of
the Constitution, Article
XVI, Section 33, and
Senate Bill 167, Acts,
49th Legislature, 1945.

Dear Sir:

In your letter of September 28, 1946, you have
requested an opinion from this office relative to the above
subject. The paragraphs presenting the facts which have
occasioned your request are quoted:

"This office is in receipt of an application for
employment as bus driver of a school bus trans-
ferring children from the Alabama-Coushatti Indian
Reservation to and from the Big Sandy School at
Livingston, Texas.

"The applicant is now employed as Principal of the
Big Sandy High School at Livingston, Texas, such
school being in the Big Sandy Independent School
District of Pope County. The emoluments incident to
the position of bus driver for the Indian Reservation
are obtained from a Federal Government Grant to the
various Indian Tribes, and we in this office have
designated such monies as Federal Indian Funds.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

These monies are received from the Federal Government and are thereafter deposited in the various local banks, and ordinary checks are drawn against the banks.

"From the standpoint of expediency this applicant could fill the position of bus driver very adequately because his duties as a bus driver would begin very early in the morning and upon the fulfillment of his duty as a bus driver for the morning run, he would then be at the school of which he is the Principal. In the afternoons after his duties as Principal were completed, he could gather the students that he was transporting and thereupon return to the Indian Reservation."

The first question here to be determined is whether the employment of a principal as a bus driver for transferring the children to and from an Indian Reservation would violate the provisions of the Constitution of Texas prohibiting the holding of more than one civil office of emolument (Article XVI, Section 40) and also that prohibiting the accounting officers of the State from drawing a warrant upon the Treasury in favor of any person who holds at the same time any other office or position of honor, trust, or profit (Article XVI, Section 33). The application of these provisions as they specifically relate to the employment of a teacher or principal of a school as a bus driver was decided in a previously issued opinion of this department, No. 0-4982, dated December 2, 1942, from which the following is quoted:

"Let us now examine the general law to see if there is any legal inhibition to a person's serving in both capacities. Section 40 of Article XVI, Constitution of Texas, prohibits the holding of more than one civil office of emolument. However, a school teacher is an employee, not a public officer. Martin v. Fisher, 291 Pac. 276; Mooty v. Belyee, 236 N. W. 358, 75 A. L. R. 1347; Leymel v. Johnson, 288 Pac. 859; Clune v. School District, 166 N. W. 11, 6 A. L. R. 736; Heath v. Johnson, 15 S. E. 980; State ex rel. Levellen v. Smith, 69 N. W. 114; 56 C. J. 382; 37 Tex. Jur. 1035; Opinions No. 0-371, No. 0-4020, No. 0-4669, No. 0-4798. Neither is a bus driver a public officer. Opinion No. 0-4957. It follows that the constitutional provision prohibiting double office holding is not applicable and in itself would not prevent one person's holding both the positions under consideration.

Honorable Hall H. Logan - Page 3

"Section 33 of Article XVI, Constitution of Texas, prohibits the accounting officers of this State from drawing or paying a warrant upon the treasury in favor of any person for salary or compensation as agent, officer, or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or the United States, as therein specified. However, as the State accounting officers neither draw nor pay a warrant upon the treasury in favor of either the school teacher or the bus driver, this section is inapplicable.

"The performance of the duties attached to each of these positions would necessarily take place at different times; that is, the bus driver's duties are performed before the commencement of and after the close of the school day as such. See Article 2906, Revised Civil Statutes. There is, therefore, no conflict as to the time of performance of the respective duties, and after an examination of the relative statutes we are unable to discern any inconsistency or incompatibility between the duties of one position and those of the other."

It is clear, then, that the employment of the applicant for the position in question would not be in violation of the provisions of the Constitution relating to dual employments, but since the above cited opinion was issued from this office, a new school aid bill was enacted in 1945 (Senate Bill 167, 49th Legislature, 1945). In as much as this last cited act contains specific provisions relating to the employment of teachers and principals as bus drivers, it should be here noted that ordinarily the payment of an additional salary for bus driving services to a principal, or a teacher also performing administrative duties, is prohibited by this act (See Opinion No. 0-6797, dated May 16, 1946). However, in a later opinion (No. 0-7396, dated October 7, 1946) it was held that the prohibitions of the act did not extend to the employment of a principal, or a teacher performing administrative duties, employed by a separate contracting agency to that contracting for and paying teachers' salaries. Certainly, in regard to the employment here in question, the prohibitions of the act do not apply for the reason that in Article I, Section 2, paragraph 3 thereof, the school for the Alabama Indians attending school in Polk County is specifically exempted as follows:

"Provided that the tax provisions and other inhi-
bitions provided in said Act shall not apply to the
school where the Alabama Indians attended school
in Polk County, Texas." (Emphasis added)

All of the foregoing considered, it may be con-
cluded that the employment of the principal of the Big
Sandy High School at Livingston, Texas, as the driver of
a school bus transferring children to and from the Alabama-
Coushatti Indian Reservation is neither in violation of
any constitutional provision or of the terms of the school
aid law.

Accordingly, you are advised that the Board of
Control has authority to contract with the applicant for
the employment in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

OCT 21 1946

ATTORNEY GENERAL OF TE

By

Jackson Littleton
Assistant

JL:jt

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN